# *Ex Parte* New.

## *Mandamus.*

(Decided June 4, 1912. 59 South. 52.)

1. *Pleading; Amendment.*—Under section 3126, Code 1907, an amendment which did not strike out or add new parties to the bill and added nothing in the way of giving it equity, and did not meet the demurrer sustained by the decree is properly refused.

2. *Mandamus; Review.*—On application for mandamus to compel the chancery court to allow an amendment to a bill to which a demurrer has been sustained, the propriety of the action of the court in sustaining the demurrer to the bill cannot be raised, as it is a question which may be raised by appeal.

Original petition in the Supreme Court.

Petition by Charlie New for writ of mandamus to compel the chancellor to allow a proposed amendment. Writ denied.

FREDERICK G. BROMBERG, for appellant. The court should have allowed the amendment.—Sec. 3126, Code 1907. It was germane to the original bill.—*Driver v. New,* 57 South. 437. Counsel discuss the demurrers to the original bill and insists that they were improperly sustained, with citation of authority in support of his contentions, but in view of the opinion it is not deemed necessary to here set them out.

GREGORY L. & H. T. SMITH, for appellee. The amendment did not strike out or add new parties to the bill, and did not meet the demurrer, and added nothing to the equity of the bill, and hence, was properly disallowed.— Sec. 3126, Code 1907. The court will not review the decree of the court sustaining demurrer on this application, as it was a matter from which an appeal will lie.

DOWDELL, C. J.—This is an application for a writ of mandamus to compel the chancellor of the chancery court of Mobile county to allow a certain proposed amendment by the petitioner to a bill pending in said chancery court wherein the petitioner is complainant.

The facts show that the bill had been demurred to, and among other grounds for want of equity. The cause was heard on this demurrer, and a decree was rendered by the chancellor sustaining the demurrer going to the equity of the bill. The chancellor in this decree granted leave to the complainant to amend his bill within 30 days to meet the demurrer and the ruling thereon. The complainant within 30 days proposed the amendment, which he now seeks by mandamus to compel the chancellor to allow, and which the chancellor disallowed for the reason that it did not meet the demurrer and the ruling thereon, and consequently added nothing to the bill.

Section 3126 of the Code of 1907, cited and relied on by counsel for the petitioner as supporting his right to the allowance of the proposed amendment, provides: "Amendments to bills must be allowed at any time before final decree, by striking out or adding new parties, or to meet any state of evidence which will authorize relief; * * * but such amendments to bills and answers must be allowed on such terms as the chancellor may impose, not extending beyond the payment of all costs," etc. The proposed amendment did not seek to strike out or add new parties to the bill, nor to meet a state of the evidence, and added nothing to the bill in the way of giving it equity, and in no wise met the demurrer and the decree thereon. In other words, the proposed amendment wrought no change in the bill, and consequently there was no error in its refusal.

[Western Railway of Alabama v. Capital Brewing. & Ice Co.]

The brief and argument of counsel for petitioner is almost wholly addressed to the action of the chancellor in sustaining the demurrer to the bill. That is a question that the petitioner had a right to have this court review and pass upon by an appeal from the decree on demurrer, and is not matter open for review on a petition for mandamus. The rule is well settled that mandamus will not lie, where there is a remedy by appeal open to the party applying for the mandamus. We do not mean to intimate that an appeal would lie from the refusal to allow the amendment.

It follows, from what we have said, that the petitioner is not entitled to the writ of mandamus, and the petition is therefore denied.

Petition denied. All the Justices concur.